UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| TRACY RITTER } | | |
| Plaintiff, } | | Civil Action, File No. |
| v } | | |
| } | | |
| COHEN & SLAMOWITZ, LLP, } | | |
| MITCHELL SELIP, MITCHELL G. SLAMOWITZ, } | | |
| AND DAVID A. COHEN, } | | |
| Defendants. } | | |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Tracy Ritter [hereinafter "Ritter"], complains of Cohen & Slamowitz, LLP [hereinafter "C&S"], Mitchell Selip (hereinafter "Selip"), Mitchell G. Slamowitz (hereinafter "Slamowitz"), and David A. Cohen (hereinafter "Cohen"), collectively, individually and in any combination known as Defendants, and shows the court the following:

1. This court has jurisdiction of this case pursuant to (1) section 1692k(d) of the Fair Debt Collection Practices ("FDCPA"), 15 U.S.C. § 1692k(d), and (3) 28 USCS § 1331.

2. Venue in this district is proper based on the location of Defendants' principal place of business in this district, Defendants' regular transaction of business within this district, and Defendants having derived substantial revenue from services rendered in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Ritter is a natural person who currently resides at 70 W 95th Street, Apt. 16B, New York,

NY 10025.

6. Ritter is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. C&S is a limited liability partnership with a principal place of business located at 199 Crossways Park Drive, Woodbury, NY 11797.

8. The principal purpose of C&S is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

9. C&S is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

10. Selip is an attorney and individual with a principal place of business located at C&S.

11. Selip controls and/or supervises the debt collection activities of C&S.

12. Selip is a debt collector as defined by the FDCPA.

13. Selip is accordingly liable for the acts of C&S.

14. Slamowitz is an attorney and individual with a principal place of business located at C&S.

15. Slamowitz is an owner of Mitchell G. Slamowitz, P.C., one of the two limited liability partners of C&S, a main financial beneficiary of C&S either directly or through being an owner of the P.C., holds himself out as a partner of C&S, and/or controls and/or supervises the debt collection activities of C&S.

16. Slamowitz is a debt collector as defined by the FDCPA.

17. Slamowitz is accordingly liable for the acts of C&S.

18. Cohen is an attorney and individual with a principal place of business located at C&S.

19. Cohen is an owner of David A. Cohen, P.C., one of the two limited liability partners of

C&S, a main financial beneficiary of C&S either directly or through being an owner of the P.C., holds himself out as a partner of C&S, and/or controls and/or supervises the debt collection activities of C&S.

20. Cohen is a debt collector as defined by the FDCPA.

21. Cohen is accordingly liable for the acts of C&S.

22. The alleged debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

23. As set forth in the letter annexed as Exhibit A, on May 7, 2014, Defendants sent Ritter an "initial validation letter". This letter is annexed as Exhibit B.

24. The May 7, 2014 "initial validation letter" was in connection with the collection of a debt.

25. On June 4, 2014, the letter annexed as Exhibit C was sent to Defendants to dispute and request validation of the debt. A portion of Exhibit C set forth the following:

> "She has no memory of ever having a credit card from Credit One Bank, N.A. My client says that statements showing the use of the card may jog her memory. If it was her card, she gladly will make arrangements to pay this debt. If you send me statements showing the use of the card which I then can show her, I then can let you know whether she believes the debt is hers.".

26. On June 6, 2014, Defendants sent the letter and referenced account statements (Exhibit D) in response to Exhibit C. None of the account statements showed Plaintiff's use of the credit card account; and Defendants letter indicated that Plaintiff should assert identity theft if she still believed that the account was not hers.

27. On June 7, 2014, the letter annexed as Exhibit E was sent to Defendants to object to the insufficiency of their verification of the debt.

28. On June 18, 2014, Defendants sent the letter annexed as Exhibit F to assert that their June 6, 2014 response (Exhibit D) was more than a sufficient response to Plaintiff's requests for verification and dispute of the debt. Defendants' June 18, 2014 letter cited the 9th Circuit case of Clark v. Capital Credit & Collection Serv., 460 F.3d 1162 (9th Cir., 2006) to support their claimed sufficiency of their response to Plaintiff's requests for verification and dispute of the debt.

29. On June 25, 2014, the letter annexed as Exhibit G was sent to Defendants to continue to object to the insufficiency of Defendants' verification of the debt.

30. After Exhibit G was sent, the Sixth Circuit Court of Appeals issued the decision in Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC (6th Cir., 2014). In light of this new decision from another circuit on an issue not addressed by the Second Circuit or the Supreme Court and in light of Defendants' failure to respond to Exhibit G, on July 17, 2014, the letter annexed as Exhibit H was sent to Defendants. The purpose of sending Exhibit H was to clarify the reasons for Plaintiff's continued objection to the sufficiency of Defendants' verification of the debt, inform Defendants of the aforementioned new Sixth Circuit case, and object to Defendants legal reasoning regarding their believed sufficiency of their verification of the debt. A portion of Exhibit H continued to demand proof of Plaintiff's use of the account to allow her to remember if the account was hers:

> "…your office has not properly verified the debt under the FDCPA in light of a failure to produce any documents showing my client applied for or used the card. It is a list of purchases or a signature on an application that allow most people to remember whether or not the card is theirs. A few statements showing some payments originating from a state, in this case Las Vegas, different from the consumer's state of residence, will do nothing to allow the consumer to remember whether or not the card is theirs."

4

31. On July 19, 2014, Defendants sent the letter annexed as Exhibit I to assert once again that their June 6, 2014 response (Exhibit D) was more than a sufficient response to Plaintiff's requests for verification and dispute of the debt. Exhibit I also included a "boilerplate" credit card agreement. In Exhibit I, Defendants expressly asserted as follows:

> "The Haddad case, which did not concern validation of a revolving credit transaction, is both inapposite and not controlling as it did not issue from the Second Circuit. Your client should be able to make a determination based upon statements provided whether this was her account"

32. On July 21, 2014, the letter annexed as Exhibit J was sent to Defendants to dispute Defendants' disregard of the Sixth Circuit's Haddad case based on it not being from the Second Circuit in light of Defendants' reliance on the 9th Circuit case of Clark v. Capital Credit & Collection Serv., 460 F.3d 1162 (9th Cir., 2006) to support their claimed sufficiency of their response to Plaintiff's requests for verification and dispute of the debt. Exhibit J also explained Defendants' incorrectness on the inapplicability of the Sixth Circuit's Haddad case. In particular, Exhibit J set forth the following:

> "Haddad involved and turned on the debtor's insistence that he knew nothing of one particular small portion of the claimed debt; his repeated request for verification of that portion of the claimed debt and the attorney's continued refusal/inability to do this. My client has and continues to insist that she does not remember having this credit card. In light of this, your inability/continued failure to show use of the card, the absence of or failure to produce an application, and the existence of payments of which my client has no memory of and do not appear on her bank records and originate from a state different from the consumer's state of residence, this case is no different from Haddad. In fact, in light of the fact that it is the use of the card which creates the agreement and the absence of any showing of use, the need for proper/additional verification is stronger here than in Haddad where there was no issue about owing some of the debt."

5

33. Defendants never responded to Exhibit J and never provided Plaintiff any additional documentation; but on September 4, 2014, Defendants on behalf of Midland Funding LLC filed in the New York Court City Civil Court, County of New York the case of <u>Midland Funding LLC v Tracy Ritter</u>, Index No. CV-022850-14/NY (Exhibit K). This lawsuit subsequently was served upon Plaintiff; and Plaintiff currently has filed an Answer and discovery demands in defense of this lawsuit.

**FIRST CAUSE OF ACTION**

34. Plaintiff re-alleges paragraphs 1-33 of this Complaint.

35. From the time Defendants first contacted Plaintiff to attempt to collect the debt, Plaintiff denied ever having the credit card account or owing the debt and demanded verification of the debt. Plaintiff continued to demand verification of the debt, continued to inform Defendants of her inability to ever remember having the credit card account, and continued to inform Defendants that her bank records showed no payments relating to the credit card account. Despite this, Defendants were unable or unwilling to provide Plaintiff with any documents showing that she applied for or used the credit card account or provide any documentation beyond the initial provided account statements and a "boilerplate" agreement. Defendants insisted that they had verified the debt and required Plaintiff to make a claim for identity theft if she continued to dispute the debt. For the reasons set forth above and in the annexed Exhibits to this Complaint, Defendants failed to verify the debt.

36. Despite having failed to verify the debt, Defendants proceeded to file and serve the lawsuit in the case of <u>Midland Funding LLC v Tracy Ritter</u>, Index No. CV-022850-14/NY.

37. Defendants' filing and serving the lawsuit in the case of <u>Midland Funding LLC v Tracy Ritter</u>, Index No. CV-022850-14/NY without first verifying the debt violated 15 USC § 1692g(b).

## SECOND CAUSE OF ACTION

38. Plaintiff re-alleges paragraphs 1-33 of this Complaint.

39. As shown in the annexed Exhibits to this Complaint, several months prior to Defendants' filing and serving the lawsuit in the case of <u>Midland Funding LLC v Tracy Ritter</u>, Index No. CV-022850-14/NY, Defendants were unable to obtain any documents showing Plaintiff's use of the credit card account.

40. Several months prior to Defendants' filing and serving the lawsuit in the case of <u>Midland Funding LLC v Tracy Ritter</u>, Index No. CV-022850-14/NY, Defendants knew that Plaintiff denied remembering having the credit card account or making any of the payments shown on the account statements provided to Plaintiff by Defendants.

41. At the time of Defendants' filing and serving the lawsuit in the case of <u>Midland Funding LLC v Tracy Ritter</u>, Index No. CV-022850-14/NY, Defendants knew that Plaintiff denied remembering having the credit card account or making any of the payments shown on the account statements provided to Plaintiff by Defendants, and upon information and belief, knew they were unable to obtain any documents showing Plaintiff's use of the credit card account.

42. Upon information and belief, despite knowing they were unable to obtain any documents showing Plaintiff's use of the credit card account, Defendants allowed to be presented to an attorney for signature and to be filed and served a lawsuit alleging

that "Defendant accepted the offer by using the account" and containing a cause of action based upon Plaintiff's use of the credit card account.

43. At the time Defendants filed and served the lawsuit in the case of <u>Midland Funding LLC v Tracy Ritter</u>, Index No. CV-022850-14/NY, Defendants knew or should have known that to prove a consumer is liable for a credit card debt, a creditor must show that the consumer used the credit card account or made payments towards the balance due on the credit card account.

44. Upon information and belief, at the time Defendants filed and served the lawsuit in the case of <u>Midland Funding LLC v Tracy Ritter</u>, Index No. CV-022850-14/NY, Defendants knew or should have known they could not prove a case in court against Plaintiff to recover the debt alleged to be due in the case of <u>Midland Funding LLC v Tracy Ritter</u>, Index No. CV-022850-14/NY.

45. In light of the facts set forth above in this cause of action, Defendants violated 15 USC § 1692e, 15 USC § 1692e (2) (A), 15 USC § 1692e (5), 15 USC § 1692e (10), 15 USC § 1692d and 15 USC § 1692f by filing and serving the lawsuit in the case of <u>Midland Funding LLC v Tracy Ritter</u>, Index No. CV-022850-14/NY.

## THIRD CAUSE OF ACTION

46. Plaintiff re-alleges paragraphs 1-45 of this Complaint.

47. Defendants do not have procedures in place to prevent a lawsuit from being presented to an attorney for approval in a case where Defendants know or should know that they have no ability to obtain the evidence needed to prove a case in court.

48. Defendants do not have procedures in place to allow an attorney, prior to signing and approving the filing of a lawsuit, to ascertain whether or not there is a good faith basis to file a case in court and whether there is a good faith belief in the ability to obtain the evidence needed to prove a case in court.

49. Upon information and belief, the attorney who signed and approved the filing and serving of the case of <u>Midland Funding LLC v Tracy Ritter</u>, Index No. CV-022850-14/NY was not trained or provided the information needed to understand the difference between the lack of a need to place a file on hold as a result of the need to comply with the FDCPA and the ability to obtain the evidence needed to prove a case in court, did not draft or carefully review the Complaint in the above case, and did not conduct an inquiry reasonable under the circumstances sufficient to form a good-faith belief that the claims and legal contentions in the Complaint in the aforementioned case are supported by fact and warranted by law.

50. As a result of the above, Defendants' allowing the attorney to sign and approve the filing of the Complaint in the above case and the attorney's signing of the Complaint in the above case amounted to a false and misleading representation in violation of 15 USC § 1692e, 15 USC § 1692e (2) (A), and15 USC § 1692e (3), 15 USC § 1692e (5), 15 USC § 1692e (10), and amounted to a violation of 15 USC § 1692d and 15 USC §

1692f.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendants for:

1. Statutory damages and actual damages in the amount of $4,000 along with costs and attorney's fees for the violation of the FDCPA; and

2. Any and all other relief deemed just and warranted by this court.

Dated:	September 30, 2014

/s/ Mitchell L. Pashkin_____
Mitchell L. Pashkin, Esq.
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 692-7709