UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TRACY RITTER,

                         Plaintiff,                   **DECISION AND ORDER**
                                              14-cv-5736(ADS)(ARL)

    -against-

COHEN & SLAMOWITZ, LLP, MITCHELL
SELIP, MITCHELL G. SLAMOWITZ, AND
DAVID A. COHEN,

                         Defendants.
-------------------------------------------------------------x

**<u>APPEARANCES</u>**

**MITCHELL L. PASHKIN, ESQ.**
*Attorney for the Plaintiff*
775 Park Avenue, Suite 255
Huntington, NY 11743

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
*Attorneys for the Defendants*
150 East 42nd Street
New York, NY 10017
        By:    Joseph L. Francoeur, Esq., Of Counsel

**SPATT, District Judge:**

Presently before the Court in this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated in this opinion, the motion is granted and the Plaintiff's Complaint is dismissed in its entirety.

## I.     Background

The following facts are drawn from the Complaint and are construed in favor of the Plaintiff.

### A.     The Parties

The Plaintiff Tracy Ritter ("Ritter" or the "Plaintiff") is an individual residing in New York City and is a "consumer" within the meaning of the Fair Debt Collection Practices Act (the "FDCPA").

Defendant Cohen & Slamowitz, LLP (the "Firm") is a law firm located in Woodbury, New York.  The Firm is primarily engaged in the collection of debts and is a "debt collector" within the meaning of the FDCPA.

Defendants Mitchell Selip ("Selip"), Mitchell Slamowitz ("Slamowitz"), and David A. Cohen ("Cohen") are attorneys.  Slamowitz and Cohen are partners in the Firm.  Selip allegedly maintains a principal place of business at the Firm and controls the Firm's debt collection activities, although it is unclear what his position is within the Firm.  Selip, Cohen, and Slamowitz are "debt collectors" within the meaning of the FDCPA.

The Firm, Selip, Slamowitz, and Cohen are each referred to herein as a "Defendant" and collectively as the "Defendants."

### B.     The Debt

On May 7, 2014, the Defendants sent a letter to the Plaintiff seeking to collect an alleged $918.78 credit card debt (the "Debt") that the Plaintiff owed to

Midland Funding LLC (the "Creditor"). This letter indicated that the Creditor had acquired the Debt from Credit One Bank, N.A. (the "Bank").

In a response letter, the Plaintiff, through counsel, claimed to have no memory of the Debt. She claimed not to remember ever using a credit card issued by the Bank and, to jog her memory, requested statements showing her alleged use of the card. In her letter, the Plaintiff stated that she disputed the validity of the Debt.

The Defendants then provided the Plaintiff with account statements for the credit card at issue for the period December 2011 through December 2013. These statements, which clearly contain the Plaintiff's name and home address, do not identify the purchases underlying the Debt. However, the statements show periodic payments that were made in partial satisfaction of the Debt, each of which originated in Las Vegas, Nevada.

Over the course of the ensuing two weeks, the parties exchanged six more letters. The gist of the entire discourse can be summed up as follows: the Defendants contend that they adequately verified the Debt through the above-referenced credit card statements, which the Plaintiff contends are legally insufficient to verify the Debt.

Of importance, the Court notes that the Plaintiff never explicitly denies that the credit card belongs to her; that the Debt is hers; or that the Debt is otherwise invalid. In fact, the Plaintiff does not even deny that she made the periodic payments shown on the statements in partial satisfaction of the card

balance. Instead, she states only that such payments are not reflected in her bank records. Apparently, the entire basis of the Plaintiff's case is that the Defendants did not provide enough information or facts to help her remember one way or the other whether she legitimately incurred the Debt before they made further collection efforts.

On September 4, 2014, after more than two months of inaction by both parties following their last correspondence, the Defendants commenced an action in the New York County Civil Court (the "State Action") on behalf of the Creditor to collect the Debt. The State Action is currently pending.

## C.    The Instant Action

On September 30, 2014, the Plaintiff commenced this action, alleging that the Defendants' conduct, outlined above, violates the FDCPA in three ways.

Principally, the First Cause of Action contends that the Defendants violated 15 U.S.C. § 1692g(b) by commencing the State Action without adequately verifying the Debt.

The Second and Third Causes of Action are largely predicated upon the First Cause of Action. In particular, the Second and Third Causes of Action contend that, because the Defendants commenced the State Action without adequately verifying the Debt, the State Action contains false and misleading representations concerning the Debt, in violation of the FDCPA.

In this regard, the Plaintiff alleges that the Defendants had actual or constructive knowledge that they lacked evidence to establish their entitlement to

the Debt.  In addition, the Plaintiff alleges that the attorneys who investigated, prepared, signed, and filed the State Action were inadequately trained; careless in investigating, reviewing and drafting the pleading; or did not understand whether there was a good faith basis for commencing the action.

The Defendants materially deny these allegations.

**D.    The Instant Motion**

On December 1, 2014, the Defendants filed the instant motion pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6), seeking to dismiss the Complaint in its entirety.

In particular, the Defendants contend that: (i) the First Cause of Action based on the Defendants' allegedly deficient verification of the Debt should be dismissed because the information supplied by the Defendants in response to the Plaintiff's dispute was sufficient under the FDCPA; and (ii) the Second and Third Causes of Action based on allegedly false and misleading representations concerning the Debt, which both presuppose the legal conclusion that the Debt was not adequately verified, should be dismissed because they are premised on speculative and conclusory allegations that cannot form the basis of a cognizable claim.

**E.    The Plaintiff's Sur-Replies**

On December 30, 2014 and April 16, 2015, the Plaintiff filed sur-replies, which are in violation of the Federal Rules of Civil Procedure and the Eastern District's Local Rules.  See Braten v. Kaplan, 07-cv-8498, 2009 U.S. Dist. LEXIS

18127, at *4-*5 n.1 (S.D.N.Y. Mar. 10, 2009) (noting that neither the Fed. R. Civ. P. or this Court's Local Rules authorize sur-replies), aff'd, 406 F. App'x 516 (2d Cir. 2011).  Apparently, the Defendants felt compelled to respond to each of these sur-replies.  The Court declines to consider all of these unauthorized submissions, and in the future, the parties are advised to comply with all federal, local, and Individual Rules before filing papers with the Court.

## II.  Discussion

### A.  The Legal Standards

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a cause of action that "fail[s] to state a claim upon which relief can be granted."  "To survive a motion to dismiss, the complaint must plead 'enough facts to state a claim to relief that is plausible on its face,' Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)."  Otis-Wisher v. Medtronic, Inc., 14-cv-3491, 2015 U.S. App. LEXIS 9565, at *2 (2d Cir. June 9, 2015).

### B.  The Applicable FDCPA Law

"Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'"  Vincent v. Money Store, 736 F.3d 88, 96 (2d Cir. 2013) (quoting

15 U.S.C. § 1692(e)).  "To further these ends, the FDCPA 'establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection.' " Id. (quoting DeSantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2d Cir. 2001)).

Relevant here, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.

In addition, a debt collector may not "use false, deceptive, or misleading representation or means in connection with the collection of any debt."  Id. § 1692e. In this regard, such proscribed conduct includes, but is not limited to:  falsely representing the character, amount, or legal status of any debt, see id. § 1692e(2)(A); falsely representing or implying that any individual is an attorney or that any communication is from an attorney, see id. § 1692e(3); threatening to take any action that cannot legally be taken or that is not intended to be taken, see id. § 1692e(5); and using any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer, see id. § 1692e(10).    Similarly, the FDCPA prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt."  Id. § 1692f.

Finally, and most pertinent to the instant motion, the FDCPA sets forth guidelines for consumers to dispute a debt.  In particular, a debt collector is required, shortly after making initial contact with a consumer regarding the collection of a debt, to provide the consumer with a written notice containing,

among other things, "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."  15 U.S.C. § 1692g(a)(3).  If the consumer so notifies the debt collector that the debt is disputed, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of [the verifying material] is mailed to the consumer. . . ."  Id. § 1692g(b).

As the parties have correctly pointed out, the Second Circuit has not spoken authoritatively on the issue of what constitutes "verification of the debt" for purposes of complying with the FDCPA.  As a result, the parties rely heavily upon decisional law from the Sixth and Ninth Circuits in support of their respective positions.

However, the Court notes that there are authoritative district court cases from within this Circuit.  For example, though arising in the context of a summary judgment motion, Stonehart v. Rosenthal, 01-cv-651, 2001 U.S. Dist. LEXIS 11566 (S.D.N.Y. Aug, 13, 2001), is a foundational case on this issue and is instructive here.  In Stonehart, the court interpreted "verification" to require "only that the debt collector obtain a written statement that 'the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt.' "  Id. at *23 (quoting Chaudry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1998)).  "Verification is only intended to 'eliminate the . . . problem of debt collectors dunning the wrong person or attempting to collect debts which the

8

consumer has already paid.' " <u>Id.</u> (quoting <u>Chaudry</u>, 174 F.3d at 406).  In <u>Stonehart</u>, a dentist referred the plaintiff's allegedly overdue account to a debt collector.  When the plaintiff disputed the debt, the debt collector provided her with a statement which "consisted of a computer printout that sufficiently informed [the plaintiff] of the services provided by [the dentist], the dates on which the charges were incurred, and the amount of her debts." <u>Id.</u>  The court held that "[b]ecause nothing more is required," summary judgment in the debt collector's favor was appropriate." <u>Id.</u> at *24.

Similarly, in <u>Bascom v. Dubin</u>, 03-cv-6160, 2007 U.S. Dist. LEXIS 5349 (W.D.N.Y. Jan. 25, 2007), the court rejected the plaintiff's argument that "validation of a debt requires presentment of the account and a general ledger statement signed and dated by the person responsible for maintaining the account and original contract." <u>Id.</u> at *7 (internal quotation marks omitted).  Consistent with <u>Stonehart</u>, the court articulated the standard for sufficient verification as a written statement that the amount being demanded is what the creditor is claiming is owed.  <u>See</u> <u>id.</u> (quoting <u>Chaudry</u>, 174 F.3d at 406).  Applying that standard, the court found that a letter from the debt collector, which enclosed billing statements generated prior to the charge-off of the plaintiff's account and an affidavit from a representative of the original creditor, sufficed to verify the debt under the FDCPA.

In <u>Hawkins-El v. First American Funding</u>, 891 F. Supp. 2d 402 (E.D.N.Y. 2012), the court also granted summary judgment to a debt collector on the issue of verification.  There, the plaintiff had executed a loan agreement and obtained a

9

$100,000 revolving home equity line of credit from a bank, which was secured by property co-owned by the plaintiff.  The loan was eventually assigned to a debt collector, who attempted to collect amounts owing from the plaintiff.  The plaintiff disputed the debt.  The debt collector then provided the plaintiff with copies of the note and mortgage, documentation demonstrating the assignment of the plaintiff's loan to the debt collector, and a " 'good-bye' letter" from the assignor explaining that the loan had been assigned.  The court found that this information "directly addressed Plaintiff's dispute and was sufficient to verify the loan for purposes of the FDCPA." Id. at 410.

Relevant here, the plaintiff in Hawkins-El claimed that as long as he continued to dispute the debt, the debt collector was prohibited from taking steps to collect it, even after the verifying information was provided.  This reasoning, which the Plaintiff here appears to adopt, was rejected in appropriate language:

> Plaintiff's debt already had been verified for purposes of the FDCPA. Plaintiff cannot forestall collection efforts by repeating the same unsubstantiated assertions and thereby contend that the debt is "disputed."  If Plaintiff were permitted to do so, debtors would be able to prevent collection permanently by sending letters, regardless of their merit, stating that the debt is in dispute.  Such a result is untenable, as it would make debts effectively uncollectible.

Id.

The Second Circuit affirmed Hawkins-El, substantially for the reasons set forth in the district court's opinion.  See Hawkins-El v. First Am. Funding, LLC, 529 F. App'x 45 (2d Cir. 2013).

Later, in Breen v. Howard Lee Schiff, P.C., 11-cv-1183, 2012 U.S. Dist. LEXIS 85340 (D. Conn. June 20, 2012), the court relied on Stonehart and its progeny to grant a debt collector judgment on the pleadings under Fed. R. Civ. P. 12(c), applying a standard that is "essentially the same" as that to be used here. Id. at *6. There, as here, in response to the plaintiff's dispute of an alleged debt, the debt collector "enclosed a copy of Plaintiff's Discovery card account statement [which] indicated that [the] account belonged to [the plaintiff and indicated her correct home address] and included an internal charge-off in the amount of [the alleged debt]." Id., at *3.   When the plaintiff failed to satisfy the debt, the debt collector commenced a collection action.  As in this case, the plaintiff in Breen sued the debt collector for *inter alia* failing to cease collection activity prior to providing adequate verification of the alleged debt.

The court rejected the plaintiff's contention, finding that the credit card statement provided to the plaintiff "unequivocally satisfied [the debt collector's] obligation under the FDCPA to verify the debt." Id. at *9.  In that regard, the court found that the statement "served the purpose of the verification requirement by ensuring that [the debt collector] was not dunning the wrong person or attempting to collect debts which the consumer had already paid." Id.

Moreover, the court in Breen noted that the plaintiff appeared to be "under the misimpression that the [credit card] Statement . . . did not fulfill the verification requirement and that [the debt collector] was obligated to do more[,]" but "the FDCPA does not require the debt collector to keep detailed files of the alleged debt

11

and the information contained in the [credit card] Statement more than satisfied the verification requirement of Section 1692g(b)." Id.

The Court finds that these cases provide an appropriate analytical framework for determining the factual matter that must be pled in order to state a cognizable claim under § 1692g(b). Applying that framework, the Plaintiff's allegations, even taken as true, fail to state a claim for relief.

**C.    As to Whether the Plaintiff Has Stated Plausible Claims Under the FDCPA**

Applying the standards outlined above, the Court finds that the Plaintiff has failed to plead sufficient facts to state plausible claims under the FDCPA.

**1.    As to Whether the Defendants Adequately Verified the Debt**

The Plaintiff's First Cause of Action presents the most disputed issue, and, as noted above, the one upon which the Second and Third Causes of Action effectively rise or fall.

In particular, consistent with the holdings of district courts within this Circuit, the inquiry is whether the Plaintiff sufficiently alleges that the Defendants failed to confirm in writing the amount of the Debt and the identity of the creditor. E.g., Devine v. Terry, 13-cv-1023, 2014 U.S. Dist. LEXIS 138938, at *26 (D. Conn. Sept. 30, 2014). The answer is no.

Accepting the Plaintiff's allegations as true, in response to her disputing the Debt, the Defendants provided credit card statements covering a period of two years. Those statements, while not providing an itemization of charges, clearly contained the Plaintiff's name and home address, and included a charge-off in the

12

amount of $918.78 – the amount the Defendants claim is owed.  District courts within this Circuit have repeatedly recognized such evidence as sufficient to satisfy the verification requirement under the FDCPA, so that the Plaintiff's allegations, even if true, do not allege a violation of the statute.

In this regard, the Court dispels the Plaintiff's apparent belief that she could indefinitely suspend the collection of the Debt simply by continuing to "dispute" it on the same deficient grounds.  It is clear from the Complaint that the Plaintiff took no action whatsoever between June 21 and September 5, 2014 to determine whether the Debt was valid.  Rather, after exchanging several letters with the Defendants, in which she never denied legitimately incurring the Debt, the Plaintiff apparently deigned it appropriate to take no further action unless and until the Defendants proved to her satisfaction that she should pay.  Apparently, the Plaintiff also believed that she should have been insulated from collection efforts during this time.

However, the FDCPA is designed to curb abusive collection tactics, not to impose upon debt collectors the effectively, sometimes, insurmountable burden of proving to each debtor's individualized satisfaction the circumstances surrounding a debt.  On the contrary, courts have noted time and again that debt collectors are not required to keep detailed records of the alleged debt.  See Id., 2014 U.S. Dist. LEXIS 138938, at *26 (finding that "verification . . . does not require the debt collector to do anything more than confirm the amount of the debt and the identity of the creditor, and relay that information to the consumer").  In the Court's view, this is

appropriate due to the fact that in many cases, such as this one, the debt collector is rarely the original creditor and cannot reasonably be expected to possess sufficient documentation to satisfy a stubborn or forgetful debtor at collection time.  As in Hawkins-El, if the Plaintiff in this case were permitted to open-endedly forestall collection merely by repeating that the debt is in dispute because she cannot remember it, some valid debts would become effectively uncollectible and the entire process sought to be improved by the FDCPA would, in this Court's view, come grinding to a halt.

In reaching its conclusion the Court rejects the Plaintiff's contention that the Sixth Circuit's *per curiam* opinion in Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC, 758 F.3d 777 (6th Cir. 2014), establishes the appropriate framework for stating a plausible verification claim under § 1692g(b).  However, Haddad, which arose in the context of a summary judgment motion, does not compel a different conclusion than the decision reached here.

The Plaintiff contends that Haddad establishes an evidentiary floor for verifying a debt, below which debt collectors may not go without violating the FDCPA.  In that regard, the court in Haddad concluded that the "baseline" for verification is "to enable the consumer to sufficiently dispute the payment obligation."  Id. at 785 (noting that "the *best means* of" verifying a debt is "an itemized accounting detailing the transactions in an account that have led to the debt" (emphasis supplied)).  This principle is not inconsistent with the holdings of the district courts in this Circuit.  Indeed, even the Haddad court quoted authority

14

also relied upon in <u>Stonehart</u> for the proposition that debt collectors have "no concomitant obligation to forward copies of bills or other detailed evidence of a debt."  <u>Haddad</u>, 758 F.3d at 783 (quoting <u>Chaudry</u>, 174 F.3d at 406).

Although the <u>Haddad</u> court posited that an itemized accounting is the "best means" of verifying a debt, the court did not hold, and there is no principled basis for concluding, that any other type of verification is violative of the FDCPA.  <u>Cf.</u> <u>id.</u> (indicating that the "baseline" for verification in a given case will "depend upon the facts of [the] particular situation").  This is particularly true since at least one court in this Circuit, namely, <u>Breen</u>, 2012 U.S. Dist. LEXIS 85340, has found judgment on the pleadings appropriate where the "baseline" showing contemplated in <u>Haddad</u> was pled.

Here, the Plaintiff's factual allegations do not suggest that the information provided to her was insufficient to permit her to dispute the Debt.  In fact, the Plaintiff concedes that she was presented with credit card statements indicating an account open in her name, with a billing address the same as her home address, and reflecting periodic payments to the account originating from Las Vegas.  Although not an "itemized accounting," under the circumstances of this case, such information is sufficient under the rule in <u>Haddad</u> to permit the Plaintiff to dispute the Debt, if it is appropriate to do so.

In particular, the Plaintiff alleges to have no memory of opening or using the credit card; her bank records do not reflect payments to the account; and she does not reside in Las Vegas.  In the Court's view, neither the cases from within this

Circuit, nor <u>Haddad</u>, obligates the Defendants to provide additional information in order to permit the Plaintiff to conclude that the Debt was not hers.  As a result, even if these allegations are true, they do not state a claim for relief under the FDCPA.  The Defendants' verification may not have been to the Plaintiff's liking, but the decisional law from within this Circuit holds that it was legally sufficient.

Finally, to the degree the Plaintiff believes that Defendants have not established their entitlement to collect the Debt, she is free to assert that position as a defense to their collection efforts in the State Action.  In that forum, the Plaintiff's argument concerning the quantum of proof required to "remind" her of this Debt may prove more effective.  However, on a motion to dismiss under Rule 12(b)(6) in an FDCPA case, the inquiry is far different, and the Plaintiff has fallen short of plausibly alleging that the Defendants violated § 1692g(b) of the FDCPA. Accordingly, the First Cause of Action is dismissed.

## 2. As to Whether the Defendants Made False, Deceptive, or Misleading Representations, or Used Unfair or Unconscionable Debt Collection Means

As noted above, the Plaintiff's Second and Third Causes of Action are predicated on her First Cause of Action, which alleged that the Defendants failed to verify the Debt.  In particular, the Plaintiff appears to reason that, because the Defendants failed to verify the Debt, the entire basis for the State Action consists of false and/or misleading representations concerning the Debt.

However, because the Plaintiff fails to plausibly allege that the Defendants did not verify the Debt, she also fails to sufficiently allege that the inadequate

16

verification led to actionable collection efforts in the form of the State Action as set forth in the Second and Third Causes of Action.  Cf. Breen, 2012 U.S. Dist. LEXIS 85340, at *10 (granting judgment on the pleading as to the plaintiff's claim under 15 U.S.C. §§ 1692e because it was "predicated on her Section 1692g(b) allegation that [the debt collector] failed to verify her debt"; noting that since the debt was, in fact, verified, the debt collector did not take action that could not legally be taken, nor did it misrepresent the status of the debt).

Accordingly, the Plaintiff has failed to state a claim for relief under 15 U.S.C. §§ 6192d, 1692e, or 1692f, and the Second and Third Causes of Action are dismissed.

### III.    Conclusion

For the reasons set forth above, the Court grants the Defendants' motion to dismiss the Complaint in its entirety.  The Clerk of the Court is directed to close this case.

**SO ORDERED**

Dated: Central Islip, New York                    /s/ Arthur D. Spatt
July 24, 2015                                                  ARTHUR D. SPATT
                                                                    United States District Judge

17